UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ERNEST MOORE,

    Plaintiff,

v.                                                      Case No.  5:10-cv-541-Oc-10KRS

MARK DEBIASE, INC., doing business as
Joint Venture,

    Defendant.
_____

ORDER

Defendant, Mark Debiase, Inc. d/b/a Joint Venture ("Joint Venture"), sells orthopedic implants to surgeons. (Doc. 9, ¶ 1). In 1998, Joint Venture employed plaintiff, Ernest Moore as its salesman for the Ocala, Florida territory. (Doc. 9, ¶¶ 6-8). On November 26, 2007, Joint Venture terminated Mr. Moore's employment. (Doc. 9, ¶ 99). Mr. Moore instituted this lawsuit against Joint Venture alleging discrimination in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623 et seq., and the Florida Civil Rights Act of 1992, §§ 760.01-760.11 Florida Statutes. (Doc. 1). In its answer and affirmative defenses, Joint Venture says Mr. Moore was terminated for a legitimate business reason in that he did not meet his sales goals or otherwise adequately perform his job duties. (Doc. 3). Joint Venture has filed a motion for summary judgment based on its contention that there were legitimate business reasons why Mr. Moore was terminated. (Doc. 9). With that motion, Joint Venture filed a separate motion to file seven summary judgment exhibits under seal and for an extension of time to file those exhibits. (Doc. 10). As grounds,

Joint Venture has averred that the parties have entered into a confidentiality agreement to protect confidential business information from disclosure in this litigation and that the seven exhibits contain confidential information.  (Id.)  According to the motion, Mr. Moore has no objection to the Court sealing the exhibits.  (Id.)  The Court denied the motion to seal without prejudice because Joint Venture failed to comply with Local Rule 1.09.  (Doc. 12).  Now pending before the Court is Defendant, Mark Debiase, Inc.'s Amended Motion to File Certain Exhibits to its Dispositive Motion for Summary Judgment under Seal and Motion for Extension of Time to File those Exhibits (Doc. 13).

The sealing of court records is highly disfavored.  Brown v. Advantage Engineering, Inc., 960 F.2d 1013, 1015-16 (11th Cir. 1992).  This Court pays particular attention to motions to seal.  Both the public and press have a common-law right to inspect and copy judicial records.  Alexander Grant & Co. Litigation, 820 F.2d 352, 355 (11th Cir. 1987).  The First Amendment also provides the public and press with a constitutional right of access to court records.  Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1310 (11th Cir. 2001).  "[I]t is the rights of the public, an absent third party, which are preserved by prohibiting closure of public records, unless unusual circumstances exist.  Wilson v. American Motors Corp., 759 F.2d 1568, 1570 (11th Cir. 1985).  Court records may only be sealed where a party shows a compelling interest for doing so and where the sealing is narrowly tailored to effect that interest.  Brown v. Advantage Engineering, Inc., 960 F.2d at 1015-16.  "[B]efore sealing a document, the district court must identify and articulate 'an

overriding interest based on findings that [a seal] is essential to preserve higher values and is narrowly tailored to serve that interest.  The interest is to be articulated along with findings specific enough that a reviewing court can determine whether the [sealing] order was properly entered.'" Dees v. Hydrady, Inc., 2010 WL 1539813 *12 (M.D. Fla.)(quoting Press-Enterprise Co. v. Superior Court of California, 464 U.S. 501, 510, 104 S.Ct. 819, 78 L.Ed.2d 629 (1984).  The Joint Venture has not provided sufficient evidence or explanation for the Court to make these required findings.

When a party asks to submit papers under seal the first thing the Court must do is determine whether they do in fact, contain confidential information.  Here, Joint Venture says the seven summary judgment exhibits contain (1) its sales information, (2) the identity of doctors who performed surgeries, (3) the types of surgery, (4) the amounts paid to Joint Venture, (5) Joint Venture's sales expectations for Mr. Moore, (6) Mr. Moore's sales volume, (7) Joint Venture's sales expectations for the person who replaced Mr. Moore; (8) the replacement salesman's sales volume, (9) Joint Venture's total sales, (10) the identity of Joint Venture's customers, (11) the replacement salesman's compensation agreement, and (12) the names and birth years of some of Joint Venture's employees who are not parties to this action.  (Doc. 13).  This appears to be the type of information a business would have a legitimate interest in keeping private and according to Joint Venture, the identity of its customers, the dollar amount of its sales and how it compensates its employees are all confidential business information which it takes steps to protect.  However, the information Joint Venture asks the Court to seal is for the time period 2004-2007.  The

-3-

Court questions the necessity of sealing information that is five to eight years old. Notably, Joint Venture has not filed any affidavits in support of its motion and it relies upon boilerplate language to make its case for confidentiality. The only evidence Joint Venture provided is a heavily redacted copy of a Sales Representative Agreement between it and DePuy Orthopaedics which contains the following provision:

> [Joint Venture] and [DePuy Orthopaedics] shall hold in confidence and agree not to use and to cause [Joint Venture's] employees and contractors not to disclose to others or to use any information possessed from time to time by [Joint Venture] that relates to [Depuy Orthopaedics'] business, including without limitation, customer lists, account history information, business and operations strategies, sales and marketing strategies, product in development, financial information and commissions structure, other than as required in the course of performing [Joint Venture's] and/or [DePuy Orthopaedics'] obligations under this Agreement.

(Doc. 13-1).

Joint Venture says it will be in violation of this agreement if the seven summary judgment exhibits become public. (Id.) The Court does not know whether this is an accurate interpretation of Joint Venture's agreement with DePuy Orthopaedics or if DePuy Orthopaedics cares about information this old. Joint Venture has also failed to show there are no options short of sealing the exhibits such as redaction or the use of pseudonyms or summaries that will accomplish Joint Venture's objective.

Local Rule 1.09(c) provides that "[u]nless otherwise ordered by the Court for good cause shown, no order sealing any item pursuant to this section shall extend beyond one year . . ." As I understand Joint Venture's motion, it desires to seal the seven summary judgment exhibits forever. Good cause for this has not been shown.

For these reasons, Defendant, Mark Debiase, Inc.'s Amended Motion to File Certain Exhibits to its Dispositive Motion for Summary Judgment under Seal and Motion for Extension of Time to File those Exhibits (Doc. 13) is once again, DENIED without prejudice.  While Joint Venture may be frustrated that the Court has twice rejected its application to seal these exhibits the Court trusts Joint Venture appreciates the seriousness of this matter.

IT IS SO ORDERED.

DONE AND ORDERED in Ocala, Florida, on March 14, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel