UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ERNEST MOORE,

          Plaintiff,

-vs-                                    Case No.  5:10-cv-541-Oc-10PRL

MARK DEBIASE, INC., d/b/a JOINT
VENTURE,

          Defendant.
_____

## O R D E R

This case is before the Court for consideration of Defendant Mark Debiase, Inc., d/b/a Joint Venture's ("Joint Venture") Unopposed Motion to Tax Costs (Doc. 44) and Motion for Attorney's Fees (Doc. 46).  The Plaintiff has filed a response in opposition to Joint Venture's Motion for Attorney's Fees (Doc. 50), and the motions are both ripe for disposition.  Upon due consideration, and for the reasons discussed below, the Court concludes that the motion for attorney's fees is due to be denied, and the motion to tax costs is due to be granted.

### Background & Facts

Plaintiff Ernest Moore, a 63-year old male, began working for Joint Venture as a sales representative for orthopedic implants in Ocala, Florida in December 1988.  In April 2007, Joint Venture demoted Mr. Moore to the position of junior sales representative. Joint

Venture subsequently terminated Mr. Moore's employment on February 29, 2008, when he was 58 years of age.

Mr. Moore contended that he was terminated due to his age and replaced by a significantly younger employee who was less qualified, in violation of both the Age Discrimination in Employment Act, 29 U.S.C. § 623, *et seq.*, ("ADEA"), and the Florida Civil Rights Act of 1992, Fla. Stat. §§ 760.01-760.11 ("FCRA").  Mr. Moore filed his complaint against Joint Venture in this Court on October 15, 2010 (Doc. 1).  At the time, his complaint could be interpreted to raise claims of age discrimination related to his demotion, however, Mr. Moore later clarified that he was only seeking relief for his February 28, 2008 termination.

Joint Venture moved for summary judgment (Doc. 17), and conceded that Mr. Moore had established a *prima facie* case of age discrimination.  Joint Venture's sole argument in favor of summary judgment was that it had legitimate, non-discriminatory reasons for terminating Mr. Moore's employment, and that those reasons were not pretextual.  On May 15, 2012, the Court denied Joint Venture's motion for summary judgment, (Doc. 22), holding that numerous issues of material fact remained in dispute both concerning the legitimacy of the reasons posited by Joint Venture for Mr. Moore's termination, and whether those reasons were pretext for age discrimination.

The case proceeded to jury trial, and on June 13, 2012, the jury returned a verdict with special interrogatories, and found that Mr. Moore's age was not the reason for his

termination (Doc. 37). Judgment in Joint Venture's favor on all claims was entered that same day (Doc. 41). Mr. Moore did not file a notice of appeal.

**Discussion**

I.   Motion For Attorney Fees

While not entirely clear, it appears that Joint Venture is seeking attorney's fees under both the ADEA and the FCRA. The ADEA itself does not specify an entitlement to attorney's fees, but instead has incorporated selected provisions of the Fair Labor Standards Act, see 29 U.S.C. § 626(b) (stating that the attorney's fees provisions of the FLSA, 29 U.S.C. § 216(b) applies to actions brought under the ADEA). The Eleventh Circuit has held that "a district court may award attorney's fees to a prevailing ADEA defendant only upon a finding that the plaintiff litigated in bad faith." Turlington v. Atlanta Gas Light Co., 135 F. 3d 1428 (11th Cir. 1998). See also DeAguila v. Bright House Networks, LLC, 2012 WL 365317 at * 1 (M.D. Fla. Feb. 2, 2012); Stone v. GEICO General Ins. Co., 2006 WL 3333674 at *2 (M.D. Fla. Nov. 16, 2006);

In this case, the Parties litigated the case through discovery, Joint Venture admitted that Mr. Moore had established a *prima facie* case of age discrimination, and Mr. Moore presented sufficient evidence to defeat summary judgment. The case then proceeded to a multi-day jury trial, during which multiple witnesses and other evidence was presented

to the jury concerning the issue of pretext.[1] The Court also denied Joint Venture's oral motion for judgment as a matter of law at the conclusion of the presentation of Mr. Moore's case. Indeed, Joint Venture did not prevail until the conclusion of the trial, when the jury returned a verdict in its favor. Given these facts, and upon a review of the entire record, the Court finds, in its discretion, that Mr. Moore's claims were not litigated in bad faith so as to warrant fee shifting under the Turlington rule.

To the extent Joint Venture is relying on the FCRA for its requested attorney's fees, its motion also fails. The FCRA provides that the Court in its discretion may allow a reasonable attorney's fee to the prevailing party. Fla. Stat. § 760.11(5). The statute goes on to state: "It is the intent of the Legislature that this provision for attorney's fees be interpreted in a manner consistent with federal case law involving a Title VII action." Id. In a Title VII case, a district court may, it its discretion, award attorney's fees to a prevailing defendant upon a finding that the plaintiff's action was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421, 98 S. Ct. 694 (1978). This standard is somewhat more lenient than the Turlington "litigated in bad faith" standard this Circuit has adopted for prevailing ADEA defendants.

---

[1] By this time, the Parties had narrowed the triable issues to the sole question of whether Joint Venture's reasons for terminating Mr. Moore's employment were pretext for age discrimination.

Joint Venture seems to be arguing that when a plaintiff invokes the FCRA along with the ADEA to seek more expansive remedies available under Florida law (such as punitive damages), then the plaintiff should be subject to the less stringent FCRA/Title VII standard for the award of attorney's fees. Joint Venture, however, has not cited any case law to support its reliance on the Title VII standard, and it is undisputed that FCRA claims of age discrimination apply ADEA law for all other issues. See Zaben v. Air Products & Chems., Inc., 129 F.3d 1453, 1455 n. 2 (11th Cir. 1997). Thus, applying the ADEA standard for awarding attorney's fees, Joint Venture's request shall be denied for the reasons previously provided – Mr. Moore did not litigate his claims in bad faith. See Henderson v. Home Depot U.S.A., Inc., 2006 WL 4978430 at ** 1-2 (M.D. Fla. July 6, 2006).

Nevertheless, and in the absence of any binding precedent concerning which attorney's fees standard to apply in this case, the Court will also analyze Joint Venture's request for attorney's fees under the less stringent Title VII standard. Even under this standard, the Court finds that Joint Venture is not entitled to any award of attorney's fees. The Supreme Court has cautioned that when determining whether a claim is "frivolous, unreasonable, or without foundation:"

> it is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims . . . . Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

Christiansburg, 434 U.S. at 421-22. Further, the Eleventh Circuit has explained that "frivolity determinations are not subject to immutable rules but rather must be made on a case-by-case basis." Head v. Medford, 62 F.3d 351, 355 (11th Cir. 1995) (citing Sullivan v. School Bd., 773 F.2d 1182, 1188-90 (11th Cir. 1985)). Generally, "findings of frivolity have been sustained when either a motion for summary judgment or a motion for involuntary dismissal, Fed.R.Civ.P. 41(b), has been granted in instances where plaintiffs did not introduce any evidence to support their claim." Head, 62 F.3d at 355 (citing Sullivan, 773 F.2d at 1189). In addition, the Eleventh Circuit has identified other factors for consideration in determining whether a claim is frivolous, including: "(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits." Bruce v. City of Gainesville, Ga., 177 F.3d 949, 951 (11th Cir.1999) (citing Sullivan, 773 F.2d at 1189).

Here, it is conceded that Mr. Moore established his *prima facie* case. Joint Venture did not make any cash settlement offer to Mr. Moore, but it did offer to forego seeking attorney's fees if Mr. Moore would dismiss his claims, and stated at the pretrial conference that it would consider rehiring Mr. Moore if it would resolve the case (Doc. 46, pp. 2, 6). Mr. Moore also presented sufficient evidence to survive summary judgment, and the Court "held a full-blown trial on the merits." Thus, applying the Christenson factors to this case,

the Court cannot say that Mr. Moore's claims were frivolous. Joint Venture's motion for attorney's fees shall be Denied.[2]

II.     Unopposed Motion to Tax Costs

On June 27, 2012, Joint Venture field its Proposed Bill of Costs, seeking recovery of costs in the amount of $3,084.13 (Doc. 45). That same day, Joint Venture filed the present motion seeking to have those costs taxed (Doc. 44). The motion states that counsel for Mr. Moore has no objection to the requested costs, and the time for objecting has expired. The Court has reviewed the Proposed Bill of Costs, and finds that the costs are recoverable under 28 U.S.C. § 1920 and Fla. Stat. § 57.041. The motion for taxation of costs will therefore be Granted.

**Conclusion**

Accordingly, upon due consideration, Defendant Mark Debiase, Inc., d/b/a Joint Venture's Motion for Attorney's Fees (Doc. 46) is DENIED, and Joint Venture's Unopposed Motion to Tax Costs (Doc. 44) is GRANTED. The Clerk is directed to tax costs in the form and amount set for in the Proposed Bill of Costs (Doc. 45) – $3,084.13. The Clerk is further directed to terminate all other pending motions and to close the file.

---

[2] Joint Venture also attempts to parse out the attorney's fees used to litigate the issue of Mr. Moore's demotion – which Mr. Moore clarified he was not challenging – and seeks recovery of those fees (in the event the Court finds that Joint Venture is not entitled to fees on the termination claim). Such a request shall be denied – not only is it unclear whether Mr. Moore ever truly litigated the question of his demotion, but it is also not possible to separate the fees incurred for discovery and motions practice with respect to Mr. Moore's demotion. The Court further finds that even if such a claim had been raised, it was not frivolous. Moreover, Joint Venture continued to raise the issues concerning Mr. Moore's demotion throughout this case – including at trial.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 8th day of January, 2013.

*[signature]*

UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record
             Maurya A. McSheehy